IN RE: RULES FOR THE COMMITTEE ON JUDICIAL ELECTIONS
2022 OK 81
Case Number: SCBD-5703
Decided: 10/10/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 81, __ P.3d __

 
 

ORDER APPROVING AMENDMENTS TO
RULES FOR THE COMMITTEE ON JUDICIAL ELECTIONS

This matter comes on before this Court upon an Application to amend Rules for the Committee on Judicial Elections, 5 O.S. ch. 1 app. 4C and 5 O.S. ch. 2

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Application of the Oklahoma Bar Association to amend Rule 1(C) (Organization) and Rule 2 (Complaints) for the Committee on Judicial Elections, said Rules attached hereto in entirety as Exhibit A, is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Rules for the Committee on Judicial Elections shall be published three times in the Oklahoma Bar Journal and published on the website within sixty (60) days of the execution of this Order. The amendments shall become effective upon filing of this Order.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 10th

/s/Chief Justice

Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich, Rowe and Kuehn, JJ., concur;

Kane, V.C.J. and Kuehn, J., not particpating.

 

 

 

 

EXHIBIT A

RULES FOR THE COMMITTEE ON JUDICIAL ELECTIONS

INDEX

Purpose of Rules 1

Rule 1. Organization 1

A. Organization 1

B. Appointment 1

C. Chairperson 12

D. Confidentiality 2

Rule 2. Complaints 2

A. Complaint Form 2

B. Filing 2

C. Receipt 2

D. Panel 2

E. Recusal of a Committee Member 3

F.E. Notice of a Complaint 23

G.F. Notice of Panel Members 3

H.G. Responsibilities of the Panel Chairperson 3

Rule 3. Hearing Procedures 3

A. Notice of the Hearing 3

B. Response 3

C. Failure to Respond 34

D. Hearing 34

E. Expedited Hearing 4

F. Determination 4

G. Burden of Proof and Evidentiary Standard 4

H. Hearing Panel's Report 4

I. Waiver of Hearing Procedures 5

J. Cease and Desist Order 5

K. Finding of No Violation 56

L. Disclosure of the Hearing Panel's Report 56

M. Change of Time Limits 6

N. Decision to Appeal 6

O. Stay of Action Pending Appeal 6

P. Time for Filing Notice of Appeal and Position Papers 6

Rule 4. Appellate Procedures 6

A. Appointment of Appellate Panel 6

B. Notification 67

C. Appellee's Position Paper 67

D. Form of Position Papers 67

E. Administrator 7

F. Counsel 7

G. Hearing 7

H. Decision 78

Rule 5. Actions and Sanctions 78

A. Public Statement 78

B. Cease and Desist Order 8

Rule 6. Referral For Discipline 8

Definitions 8

_

RULES FOR THE COMMITTEE ON JUDICIAL ELECTIONS

(WITH PROPOSED AMENDMENTS APPROVED BY THE

OKLAHOMA BAR ASSOCIATION

BOARD OF GOVERNORS ON JULY 15, 2022)

In order to maintain the independence, integrity and impartiality of the judiciary in the State of Oklahoma, the Supreme Court has adopted the Code of Judicial Conduct which governs the conduct of candidates for judicial office under its exclusive supervisory and administrative power over the inferior courts, as provided under Article VII of the Oklahoma Constitution. To facilitate the enforcement of the Code, as it relates to judicial elections, the Supreme Court now establishes a Committee on Judicial Elections.

RULE 1. ORGANIZATION

A. ORGANIZATION. There is established a Committee on Judicial Elections. The Committee shall consist of nine (9) members. Three (3) members shall be members of the Oklahoma Bar Association, in good standing, who are not judges of a court of record. Three members shall be district judges or associate district judges with at least 10 years of service. These judges may be judges in active service or they may be retired judges with the required length of service before their retirement. Three members shall be lay persons.

B. APPOINTMENT. The Board of Governors of the Oklahoma Bar Association shall appoint the attorney members and the lay members of the committee. The Chief Justice of the Supreme Court shall appoint the judge members. The terms of the initial appointments to the Committee shall be as follows: two attorney members, two judge members and one lay member shall be appointed for a term of four years; one attorney member, one judge member and two lay members shall be appointed for a term of eight (8) years. Following the initial appointments the terms of service for the members of the Committee shall be for eight (8) years.

If a member of the Committee changes his or her status as a member of one of the three (3) categories of membership, the Committee member shall immediately submit his or her resignation from the Committee to the Chairperson of the Committee. The Chairperson of the Committee shall provide notice of resignation to the appointing authority for the affected category of membership. Within sixty (60) days the appointing authority shall appoint a new member of the Committee. The resignation of the former committee member shall not be effective until the replacement member is appointed. The replacement member shall be appointed for the remainder of the unexpired term of the former member and may be reappointed.

If a member of the committee resigns for a reason other than a change of eligibility status or death the procedure set out in the previous paragraph shall be followed in appointing a new committee member.

C. CHAIRPERSON. The chairperson and vice-chairperson shall be elected by the members of the Committee from any of the three groups represented on the Committee members appointed by the Board of Governors of the Oklahoma Bar Association. The term of office for the chairperson and vice-chairperson shall be four (4) years, and these officers may be reelected for two additional terms. The chairperson and vice-chairperson shall furnish their contact information to the Administrative Director of the Courts and ensure that such information is accurate and up to date.

D. CONFIDENTIALITY. Except as provided under Rule 3 L and Rule 5 A all filings, documents, correspondence and proceedings before the Committee shall be

confidential and shall not be released to the public.

RULE 2: COMPLAINTS

A. COMPLAINT FORM. Any individual who believes there has been a violation of Canon 4 of the Code of Judicial Conduct may file a complaint against a judge or a candidate seeking election to a judicial office. The complaint shall be made in writing and be signed and verified by the complaining party. The complaint shall allege a violation or violations of Canon 4 with specific facts and sufficient documentation to support the allegations. If the violation or violations alleged concern written or recorded material, those materials shall be attached to the complaint.

1. It shall include contact information for both the complaining party and the defending party. The contact information should include the e-mail address, telephone number, facsimile number, mailing address and physical address for both parties.

B. FILING. The original complaint and (5) five copies of the complaint with all attachments shall be filed with the Administrative Director of the Courts. The complaint and attachments may be filed during regular business hours by personal delivery, by United States Postal Service First Class mail or another express delivery service or by e-mail or facsimile. Immediately upon receipt of a complaint, the Administrative Director shall notify the Chairperson of the Committee of the receipt of the complaint and forward five (5) copies of the complaint with all attachments to him or her. This shall be sent by overnight delivery using the United States Postal Service or another express mail provider. The Administrative Director of the Courts will file in the Director's office one copy of the complaint with all attachments.

C. RECEIPT. The Chairperson shall ensure that each complaint meets the requirements of Rule 2. If the complaint fails to meet the requirements of Rule 2 the Chairperson shall notify the complaining party and indicate the reasons why the complaint is insufficient. The complaining party shall have the right to file an amended complaint to correct the deficiencies, pursuant to and in accordance with Rule 2 B.

D. PANEL. If the complaint meets the requirements of Rule 2 the Chairperson shall, within two business days after its receipt, appoint a Hearing Panel comprised of three (3) members of the Committee including one judge member, one attorney member, and one lay member. The Chairperson shall designate a member of the Hearing Panel to serve as panel chairperson and shall forward the complaint to all members of the panel.

E. RECUSAL OF A COMMITTEE MEMBER. If the pending complaint is in regard to a judicial election involving a judge that is a panel member or an OBA appointee that is a campaign official of the campaign that is a part of the pending complaint, said member shall immediately notify the Chairperson of said recusal. If the Chairperson recuses from said hearing, the Vice-Chairperson shall assume all responsibilities of the Chairperson for the purpose of the pending complaint.

E.F. NOTICE OF A COMPLAINT. The Chairperson shall immediately notify the defending party that a complaint has been made against him or her and forward a copy of the complaint with a copy of all attachments to him or her by overnight delivery using the United States Postal Service or another express delivery service. In addition, to provide more immediate notice, the chairperson may send a copy of the complaint by e-mail or facsimile.

F.G. NOTICE OF PANEL MEMBERS. Immediately upon the appointment of the Hearing Panel the Chairperson shall provide, by e-mail or facsimile to the complaining party and the defending party, the names and contact information of the three panel members.

G.H. RESPONSIBILITIES OF THE PANEL CHAIRPERSON. The panel chairperson shall ensure that all members of the panel receive copies of all written communications with the parties and the documents and materials provided by the parties.

RULE 3: HEARING PROCEDURES

A. NOTICE OF THE HEARING. The panel chairperson shall set a date for a hearing to be held not less than two (2) calendar days and not more than six (6) calendar days after the appointment of the Hearing Panel and shall by e-mail or facsimile immediately notify both parties of the date of the hearing.

B. RESPONSE. The defending party shall serve a written response to the allegations of the complaint along with any supporting documentation or materials to the members of the Hearing Panel and to the complaining party. A copy of the response with all supporting documentation and materials shall also be filed with the Administrative Director of the Courts. Except as provided in Rule 3 E, the Response shall be filed within two business days of receiving a copy of the complaint. The response may be filed during regular business hours by personal delivery or be sent by overnight delivery using the United States Postal Service First Class mail, another express delivery service, or by e-mail or facsimile. The date of personal delivery, the sending of the e-mail, or facsimile or the date of mailing shall be considered the date of filing.

C. FAILURE TO RESPOND. If the defending party does not file a response in the manner required by Rule 3 B the Hearing Panel may proceed to hear the matter. However, at its discretion, the Committee may consider a late filed response.

D. HEARING. The chairperson of the Hearing Panel shall conduct the hearing which may be in person or at the chairperson's discretion by teleconference or some other effective means which allows all parties and the panel to communicate directly with each other.

1. The parties shall have an opportunity to appear at the hearing in person and/or by counsel.

2. The parties may call witnesses to give testimony relevant to the issues raised in the pleadings and may present any relevant evidence in support of the party's position.

3 The parties may offer oral arguments in support of their positions.

4. The rules of evidence shall not be strictly enforced and the chairperson shall endeavor to conduct the proceedings in such a way as to ascertain the truth of the matter before the panel without allowing undue or duplicative proof.

E. EXPEDITED HEARING. If a complaint is filed within two weeks of an election in which the parties are involved, the panel chairperson may determine that an expedited hearing is necessary. If such an expedited hearing is determined to be necessary the panel chairperson, in the chairperson's sole discretion, shall set the date for the hearing and the time for filing a response to the complaint. All panel members and the parties shall be notified by e-mail or facsimile of the date and time for the expedited hearing and the time in which to respond to the complaint. The provision of Rule 3 C shall apply if no response is filed.

F. DETERMINATION. Following the hearing the panel shall determine if a violation(s) of Canon 4 have occurred and that the allegations warrant speedy intervention or, alternatively, that a violation(s) of Canon 4 has not occurred, and/or that the allegations do not warrant speedy intervention by the panel.

G. BURDEN OF PROOF AND EVIDENTIARY STANDARD. The party bringing the complaint shall have the burden of proof. The standard of evidence to be used by the panel in making its determination of whether a violation of the Rules of Judicial Conduct has occurred shall be by clear and convincing evidence.

H. HEARING PANEL'S REPORT. The panel shall issue a written report within two (2) business days after the hearing specifying the panel's determination. If a violation is found the report shall identify the rule(s) which has been violated and the conduct constituting the violation(s). A majority of the panel members must agree with the report and sign it. The report of the panel shall be transmitted to the parties orally, or by facsimile or by e-mail and copies shall be sent to the parties by overnight delivery.

I. WAIVER OF HEARING PROCEDURES. The hearing before the Hearing Panel may be waived if the Complaining Party, the Defending Party and the Hearing Panel agree to the waiver of the hearing. The waiver by the parties shall be in writing and sent by facsimile or e-mail to the Chair of the Hearing Panel. Each party shall submit his or her individual waiver to the panel chair. Following the receipt of the waivers by the parties the panel members and the parties may then confer in person or by a telephone conference in an attempt to resolve the complaint. If the complaint is resolved through the informal procedure the Hearing Panel may dismiss the complaint if it is determined there was no violation of Canon 4. If it is decided by the Hearing Panel there has been a violation of Canon 4, the panel may require any of the action provided for in Rule 3 J. The Hearing Panel shall provide oral notice of its decision to the parties and shall send a written decision by facsimile or e-mail to the parties and to the Chair of the Committee on Judicial Elections.

If the complaint is resolved through the waiver of the hearing procedure there is no right of appeal by either party.

J. CEASE AND DESIST ORDER. If the panel determines that a violation(s) of Canon 4 has occurred, it may issue a cease and desist order which identifies the rule(s) violated and the conduct determined to be a violation of Canon 4. The panel may direct the defending party-candidate to take appropriate remedial measures which may include:

1. Immediately cease the offending conduct;

2. Withdraw the offending material, if any, from public distribution and/or publication;

3. Publish a retraction in the specific media required by the panel;

4. Publish an apology in the specific manner required by the panel; and/or

5. Submit a signed written agreement of compliance within time certain;

6. Any other remedial measure deemed appropriate by the panel;

7. Any combination of the above remedial measures.

The order shall provide for a reasonable time as determined by the panel, within which a defending party-candidate must comply with the cease and desist order and the manner for establishing proof of such compliance. In setting the time for compliance with the cease and desist order the panel shall take into consideration the time remaining before the judicial election. Before publication the chairperson of the panel shall approve the wording of any retraction or apology required of a candidate.

If the defending party candidate does not comply with the cease and desist order, the panel may request that the Committee on Judicial Elections refer the matter in accordance with Rule 6 to the General Counsel of the Oklahoma Bar Association or to the Council on Judicial Complaints.

K. FINDING OF NO VIOLATION. If the panel's decision is that it does not believe that a violation(s) has occurred, the panel shall issue a decision that it has determined no violation has occurred. The complaining party shall have the opportunity to request an appellate hearing.

L. DISCLOSURE OF THE HEARING PANEL'S REPORT. After the Hearing Panel has considered the complaint and made its report, if no appeal of the decision of Hearing Panel is filed pursuant to Rule 3N, the Hearing Panel will release the report to the public within five (5) business days after the filing of its report pursuant to Rule 3H. If the decision of the Hearing Panel is appealed, the Hearing Panel shall not release its report to the public.

M. CHANGE OF TIME LIMITS. The chairperson of the Hearing Panel, for good cause shown may shorten or extend the time limits set out in this rule.

N. DECISION TO APPEAL.

1. If either the complaining party or the defending party wishes to appeal the decision of the Hearing Panel that party may do so by notifying the chair of the Committee on Judicial Elections of the decision to appeal and following the appointment of the Appellate Panel file with that panel a notice of appeal and a position paper. The position paper shall set out the basis of the party's appeal and why there was or there was not a violation(s) of the Rules of Judicial Conduct. The defending party may commence such an appeal even though he or she has agreed to comply with a cease and desist order or other directive.

2. If the appeal is commenced the Hearing Panel will file with the Appellate Panel its decision, orders and/or directives and the original record of all materials filed with the Hearing Panel. This material together with the party's notice of appeal and position paper shall be the record on the appeal.

3. The party appealing the decision of the Hearing Panel shall now be designated the Appellant. The other party shall be designated the Appellee.

O. STAY OF ACTION PENDING APPEAL. The Hearing Panel may stay any remedial action pending on appeal.

P. TIME FOR FILING NOTICE OF APPEAL AND POSITION PAPERS. If the appeal is commenced, the Notice of Appeal and Position Paper(s) provided for in Rule 3 N shall be filed within five (5) business days of the receipt of the decision of the Hearing Panel.

RULE 4: APPELLATE PROCEDURES

A. APPOINTMENT OF APPELLATE PANEL. Upon receiving notice of the institution of the appellate procedures, the chairperson shall appoint an Appellate Panel consisting of three members of the Committee including one judge member, one attorney member and one lay member. The Chairperson of the Committee shall designate a member of the panel to serve as the panel chairperson. None of the members of this panel shall have served on the Hearing Panel in the matter now before the Committee.

B. NOTIFICATION. The chairperson of the Appellate Panel shall set a date for the hearing and notify the parties. The hearing shall occur within ten (10) business days after receipt of the appellant's notice of appeal and position paper.

C. APPELLEE'S POSITION PAPER. The appellee shall file a written position paper with the panel chairperson and serve a copy on the appellant at least three (3) business days before the date set for hearing. The Appellee's position shall also become a part of the record on appeal.

D. FORM OF POSITION PAPERS. The position papers shall indicate why the specific conduct alleged in the matter does or does not constitute a violation(s) of Canon 4, why the decision of the Hearing Panel was or was not in error and also may indicate why the specific conduct alleged is or is not allowed by law or the Code of Judicial Conduct.

E. ADMINISTRATOR. The chairperson of the Appellate Panel shall act as the administrator of the proceedings and shall call witnesses, hear arguments, entertain objections and take such other actions as are necessary to maintain the decorum of the proceedings.

F. COUNSEL. The parties may be represented by counsel, if desired, or may represent themselves.

G. HEARING.

1. The hearing shall be a de novo hearing.

2. The parties may call witnesses to give testimony relevant to the issues raised in the pleadings and may present any relevant evidence in support of the party's position.

3. The parties may offer oral arguments in support of their positions.

4. The rules of evidence shall not be strictly enforced and the administrator shall endeavor to conduct the proceedings in such a way as to ascertain the truth of the matter before the panel without allowing undue or duplicative proof.

H. DECISION.

1. Within five (5) business days of the date of the hearing the Appellate Panel will issue its decision. The Panel may affirm, modify or reverse the decision of the Hearing Panel. If the Committee finds that there has been a violation of the Code of Judicial Conduct it shall determine if remedial action should be imposed and, if any, the remedial action that is to be imposed upon the person or persons committing the violation.

2. The decision shall be issued in writing and shall contain findings of fact and conclusions of law and it shall specify any action taken by the Appellate Panel and the remedial action to be imposed, if any.

3. A majority of the members of the Appellate Panel must agree with the decision and sign it.

RULE 5: ACTIONS AND SANCTIONS

A. PUBLIC STATEMENT. Upon entry of the final decision of the Appellate Panel, the Appellate Panel shall make the decision available to the public within five (5) business days of the entry of the decision.

B. CEASE AND DESIST ORDER. The Appellate Panel may issue a cease and desist order to the party-candidate requiring him or her to stop the behavior that violates Canon 4 and/or if warranted, to issue a public apology and/or a retraction in one or more forums, as determined by the Appellate Panel. The cease and desist order shall set out the conduct which violates Canon 4 of the Code of Judicial Conduct, including the specific statements which were made, if applicable.

RULE 6. REFERRAL FOR DISCIPLINE.

In no event shall the Committee on Judicial Elections have the authority to institute disciplinary proceedings against any candidate for judicial office, which power is specifically reserved to the Council on Judicial Complaints or the Oklahoma Bar Association, as the facts may warrant. As may be appropriate, the Committee on Judicial Elections may refer its file, findings, conclusions and recommendations for discipline to the Council on Judicial Complaints or the Oklahoma Bar Association.

DEFINITIONS

"Business Day" - The term "business day" in these rules shall include all the days of the week Monday through Friday except for legal holidays recognized by the state of Oklahoma.

"Committee" - The term Committee in these rules means the Committee on Judicial Elections.

"Complaint" - the term "complaint" refers to the original complaint and/or any amended complaint which is filed.

"Filing" - Filing may be accomplished by personal delivery during regular business hours, by facsimile, e-mail or any form of overnight mail delivery requiring certification of delivery. If the filing is made by facsimile or e-mail, a copy shall also be sent by overnight mail delivery.

"Forum" - A forum for purposes of the rules can include an organization, group of people or any form of publication including written, television, radio or digital media.

"Forward" - Forwarding may be accomplished by personal delivery during regular business hours or by facsimile, e-mail or any form of overnight mail delivery requiring certification of delivery. If made by facsimile or e-mail, a copy shall also be sent by overnight mail delivery.

"Remedial action" - Remedial action shall include all of those actions which a Hearing Panel may impose or require as specified in Rule 3 J of these rules.

"Service" - Service may be accomplished by personal delivery during regular business hours or by facsimile, e-mail or any form of overnight mail delivery requiring certification of delivery. If made by facsimile or e-mail, a copy shall also be sent by overnight mail delivery.

"Submit" - Submitting may be accomplished by personal delivery during regular business hours or by e-mail, facsimile or any form of overnight mail delivery requiring certification of delivery. If made by e-mail, facsimile or a copy shall also be sent by overnight mail delivery.